# EXHIBIT  A

FILED: NIAGARA COUNTY CLERK 11/19/2025 01:20 PM INDEX NO. E189752/2025
NYSCEF DOC. NO. 1 RECEIVED NYSCEF: 11/19/2025

STATE OF NEW YORK
SUPREME COURT : COUNTY OF NIAGARA

| | |
|---|---|
| SYNERGY PROPERTY DEVELOPMENT CORP.<br>5166 Military Road<br>Lewiston, NY 14092 | Plaintiff designates Niagara County as the place of trial. |
| Plaintiff, | **SUMMONS** |
| v. | |
| ERIE INSURANCE COMPANY<br>100 Erie Insurance Place<br>Erie, PA 16530 | The basis of venue is Plaintiff's residence. |
| Defendant. | |

TO THE ABOVE-NAMED DEFENDANT(S):

YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's attorney(s) within twenty (20) days after the service of this summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:   Buffalo, New York
        November 19, 2025

GROSS SHUMAN P.C.

By _____
    David H. Elibol, Esq.
*Attorneys for Plaintiff*
465 Main Street, Suite 600
Buffalo, New York  14203
Tel: (716) 854-4300
E-mail: delibol@gross-shuman.com

STATE OF NEW YORK
SUPREME COURT : COUNTY OF NIAGARA

SYNERGY PROPERTY DEVELOPMENT CORP.,

               Plaintiff,        **VERIFIED COMPLAINT**

    v.

ERIE INSURANCE COMPANY,

               Defendant .

The Plaintiff, above-named, by and through its attorneys, Gross Shuman P.C., as and for its Verified Complaint against the Defendant herein alleges as follows:

1.     Plaintiff Synergy Property Development Corp. ("Synergy") is a New York Corporation with an office for the transaction of business located in Niagara County, New York.

2.     Defendant Erie Insurance Company ("Erie") is a foreign insurance company duly authorized to do business in the state of New York, and has offices for the transaction of business in the state of New York.

3.     At all times relevant, Eric was and is licensed and authorized to sell insurance and issues insurance policies in New York State, including business insurance policies.

4.     On or about February 2, 2024, Synergy purchased from Erie, and Eric wrote and issued to Synergy, an ErieSecure Business Policy of insurance under policy no. Q610356981 (the "Policy").

5.     The Policy was renewed by Erie for the policy period February 2, 2025 to February 2, 2026.

6. Synergy paid all premiums due to Erie under the Policy and otherwise performed all obligations required by the Policy.

7. At all times relevant, the Policy was in full force and effect.

8. Synergy is the owner of certain real property located at 2456 Niagara Ave, Niagara Falls, New York 14305 ("the Property").

9. At all times relevant, the Property was insured by the Policy.

10. In or about January 2025, the Property suffered water damage and shortly thereafter was vandalized (the "Loss").

11. The damage to the Property constituted a covered loss under the terms of the Policy.

12. Synergy promptly notified Erie of the Loss and filed a claim in accordance with the Policy requirements.

13. Synergy provided Erie with all requested documentation and information regarding the Loss.

14. Synergy cooperated fully with Erie's investigation of the Loss.

15. Initially, Erie acknowledged that there was coverage for the Loss under the Policy and directly paid a restoration contractor approximately $70,000.

16. On or about June 4, 2025, Erie changed its coverage position and disclaimed coverage for the Loss.

17. Erie's June 4, 2025 disclaimer was improper and untimely.

18. Despite Synergy's full compliance with the Policy requirements, Erie has failed and/or refused to pay for the Loss.

2

## AS AND FOR A FIRST CAUSE OF ACTION
### (Declaratory Judgment)

19. Plaintiff repeats and realleges each of the foregoing paragraphs as if set forth again fully herein.

20. The Policy provides coverage for the Loss.

21. By reason of Erie's disclaimer, a present and actual controversy exists as to whether the Loss is covered under the Policy.

22. Based on the foregoing, Synergy is entitled to a judgment pursuant to CPLR §3001 declaring that Erie is obligated under the Policy to pay for the Loss.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Breach of Contract)

23. Plaintiff repeats and realleges each of the foregoing paragraphs as if set forth again fully herein.

24. The Policy is a valid and enforceable insurance contract between Synergy and Erie.

25. Synergy performed all of its obligations under the Policy including, without limitation, paying all premiums due and properly notifying Erie of the Loss.

26. Synergy complied with all conditions precedent to coverage under the Policy.

27. Erie breached the Policy by failing and refusing to pay for the Loss.

28. Despite demand, Erie has failed and/or refused to pay Synergy for the Loss.

29. By reason of the foregoing, Synergy been damaged in an amount to be determined at trial, but in no event less than $325,000.00, together with interest, cost and disbursements.

3

Case 1:26-cv-00066-LJV    Document 1-1    Filed 01/12/26    Page 6 of 9

## AS AND FOR A THIRD CAUSE OF ACTION
### (Breach of Implied Covenant of Good Faith and Fair Dealing)

30. Plaintiff repeats and realleges each of the foregoing paragraphs as if set forth again fully herein.

31. The Policy imposes upon Erie a duty of good faith and fair dealing.

32. Erie breached is duty of good faith and fair dealing by, *inter alia*, improperly disclaiming the Loss and deprive Synergy of the benefits of the Policy.

33. Erie's disclaimer of the Loss was in bad faith, without proper motive or honest intention, and contrary to the terms of the Policy.

34. By reason of the foregoing, Synergy been damaged in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with interest, costs and disbursements.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Bad Faith)

35. Plaintiff repeats and realleges each of the foregoing paragraphs as if set forth again fully herein.

36. Erie had a duty to act in good faith in handling Synergy's Loss, including, without limitation, the duty to timely and properly investigate the Loss and promptly pay covered claims under the Policy.

37. Erie failed to act in good faith in handling the Loss.

38. Erie failed to properly investigate the Loss and/or disclaimed coverage without a proper basis.

4

Case 1:26-cv-00066-LJV Document 1-1 Filed 01/12/26 Page 7 of 9

39. Upon information and belief, Erie's disclaimer was motivated by the amount of loss payments made since writing the Policy.

40. Upon information and belief, Erie cancelled the Policy after the Loss was disclaimed because the loss payments since the inception of the Policy exceeded the premiums collected from Synergy.

41. By reason of the foregoing, Synergy been damaged in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with interest, costs and disbursements.

42. Synergy also seeks an award of punitive damages based on Erie's malicious, willful and wanton disregard for the rights of Synergy.

WHEREFORE, Plaintiff, Synergy demands judgment as follows:

a. On its First Cause of Action, a declaration that Erie Insurance Company is obligated to pay for the Loss.

b. On its Second Cause of Action, damages in an amount to be determined at trial but in no event less than $325,000.00;

c. On its Third Cause of Action in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction;

d. On its Fourth Cause of Action in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with punitive damages;

e. Interest and the costs and disbursements incurred in the prosecution of the instant action; and

5

f.      Such other, further, and different relief as this Court may deem just and

proper.

Dated:   Buffalo, New York
         November 19, 2025

                                        GROSS SHUMAN P.C.


                                        By  _____
                                            David H. Elibol, Esq.
                                            *Attorneys for Plaintiff*
                                            465 Main Street, Suite 600
                                            Buffalo, New York  14203
                                            Tel: (716) 854-4300
                                            E-mail:  delibol@gross-shuman.com


Doc #1280332.3

6

## VERIFICATION

Alfonso M. Bax, under the penalties of perjury and pursuant to CPLR Rule 2106, affirms and states that he is an authorized representative of Synergy Property Development Copr., the Plaintiff named in the within action; that he has read the foregoing Complaint and knows the contents thereof; and that the same is true to the best of his knowledge, except as to the matters therein stated to be alleged upon information and before, and to those matters he believes it to be true.

I affirm this _12th_ day of November, 2025, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a Court of Law.

_____
Alfonso M. Bax

7