UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SYNERGY PROPERTY DEVELOPMENT
CORP.,

                Plaintiff,

v.

ERIE INSURANCE COMPANY,

                Defendant.

**DECLARATION IN RESPONSE AND REPLY**

Case No. 1:26-cv-00066-LJV

Roy A. Mura, Esq. declares the following, pursuant to 28 USC §1746, under penalty of perjury:

1.      I am an attorney at law, duly admitted to practice in the United States District Court for the Western District of New York and am the managing member of Mura Law Group, PLLC, attorneys for the defendant, Erie Insurance Company ("Erie"), in the above-captioned matter.  As such, I am fully familiar with the facts and circumstances of the above-captioned matter.

2.      I make and submit this declaration in response and opposition to the cross-motion of the plaintiff to remand this action back to New York State Supreme Court, Niagara County, and in further support of Erie's pre-answer motion for an order pursuant to Fed. R. Civ. P. 12(b)(6) dismissing the "FIRST", "THIRD" and "FOURTH" causes of action of plaintiff's complaint.

**PLAINTIFF'S CROSS-MOTION TO REMAND**

3.      Plaintiff argues that this action must be remanded back to state court because Erie's petition for removal was untimely.

4.      More particularly, plaintiff argues that "[d]efendant does not satisfy its burden of demonstrating that it filed the removal petition within 30 days of receipt of the lawsuit" because

-1-

MURA LAW GROUP, PLLC • 930 RAND BUILDING • 14 LAFAYETTE SQUARE • BUFFALO, NEW YORK  14203
(716) 855-2800 • FAX (716) 855-2816

the January 12, 2026 petition for removal, which stated plaintiff's summons and complaint ""were…first received by Erie on December 18, 2025" and that I signed as counsel for the defendant, "cannot be relied upon as evidence."

5.      Plaintiff's cross-motion is patently flawed and borders on being frivolous.

6.      Plaintiff correctly note that "[w]hen service is effected on a statutory agent… [28 U.S.C. §]1446's 30 days runs [*sic*] from receipt of the pleading by the defendant, rather than the statutory agent."

7.      It is undisputed that Erie's statutory agent—the New York State Department of Financial Services ("NYSDFS")—received and acknowledged service of plaintiff's summons and complaint on December 11, 2025. ECF No. 1-2 at 2.

8.      Thirty days from December 11, 2025 was Saturday, January 10, 2026.

9.      The 30 days for removing a state-court action to federal court under 28 U.S.C. § 1446(b) are counted in accordance with Rule 6(a) of the Federal Rules of Civil Procedure. *Burr ex rel. Burr v. Toyota Motor Credit Co.*, 478 F. Supp. 2d 432, 437 (S.D.N.Y. 2006).

10.     Thus, even if Erie's 30-day period to remove this action to federal court began running on December 11, 2025 when the NYSDFS received plaintiff's summons and complaint (which plaintiff concedes it did not), Erie's removal of this action on Monday, January 12, 2026 was timely.

11.     I signed my name to the Petition for Removal (ECF No. 1) as an officer of the court, attesting to the accuracy of what was stated therein.

12.     There was and is no legitimate doubt that Erie's removal was timely.  Even if there were any doubts, however, accompanying this declaration is the declaration of Lisa Catalfu, the woman at Erie's home office who on December 18, 2025 received, opened, stamped

and processed the summons and complaint of the plaintiff that the NYSDFS had mailed on December 11, 2025 to Erie's home office in Erie, Pennsylvania.

13.   For these reasons, plaintiff's cross-motion to remand this action back to state court lacks merit and must be denied.

### ERIE'S MOTION TO DISMISS

14.   On January 15, 2026 this Court issued a text order (ECF No. 4) that included the following:

> The defendant has moved to dismiss three of the plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6), arguing that those claims fail to state claims on which relief can be granted. Without expressing any view as to the merits of that motion, **the Court will give the plaintiff an opportunity to cure the alleged defects by filing an amended complaint in accordance with Federal Rule of Civil Procedure 15(a)(1)(B)**. If the plaintiff timely files an amended complaint, the Court will deny the pending motion to dismiss without prejudice as moot. If the plaintiff does not file an amended complaint, the plaintiff must respond to the motion to dismiss.
>
> Therefore, the plaintiff shall file either an amended complaint or a response to the motion to dismiss by 2/2/2026. If the plaintiff files an amended complaint, then the defendant must answer, move against, or otherwise respond to the amended complaint within 30 days of its filing. If the plaintiff files a response to the motion to dismiss, then the defendant may reply by 2/16/2026. If necessary, the Court will schedule oral argument at a later time. (Emphasis added.)

15.   Although given the opportunity to file an amended complaint, plaintiff instead has chosen to oppose Erie's Rule 12(b)6) motion on procedural grounds, arguing that Erie's motion is "premature" because the parties have not yet engaged in discovery "and it is too early to determine the duplicative nature of each claim."

16.   While such an argument might suffice to defeat a summary judgment motion made before discovery in an action is complete, it does not support denying Erie's motion on that basis.

MURA LAW GROUP, PLLC • 930 RAND BUILDING • 14 LAFAYETTE SQUARE • BUFFALO, NEW YORK  14203
(716) 855-2800 • FAX (716) 855-2816

<u>First Cause of Action – Declaratory Judgment</u>

17.     With respect to the first ("Declaratory Judgment") cause of action of the complaint, the case law in New York state court and in this district is clear: a cause of action for declaratory relief under an insurance policy is duplicative of one for breach of contract and, therefore, unnecessary.  *See*, Point II of Erie's Memorandum of Law in Support of Defendant's Rule 12(b)(6) Motion to Dismiss the First, Third and Fourth Causes of Action of Plaintiff's Complaint (ECF No. 2-5 at 2-3).

18.     In opposing the dismissal of this cause of action, plaintiff argues but does not explain how its declaratory judgment (First) cause of action seeks different relief than its breach of contact (Second) cause of action.  Perhaps that is because the two causes do not seek different relief.

19.     The first cause of action concludes: "¶22. Based on the foregoing, Synergy is entitled to a judgment pursuant to CPLR §3001 declaring that Erie is obligated under the Policy to pay for the Loss."  ECF No. 2-2 at 4.

20.     Seeking monetary damages "in no event less than $325,000.00", the second cause of action alleges: ""¶27. Erie breached the Policy by failing and refusing to pay for the Loss." ECF No. 2-2 at 4.

21.     The two causes of seek the same relief: payment of plaintiff's alleged loss.

22.     No amount of discovery will make the complaint's first cause of action non-duplicative of its second, breach of contract cause of action.

23.     For these reasons, the first cause of action of plaintiff's complaint must be dismissed.

MURA LAW GROUP, PLLC • 930 RAND BUILDING • 14 LAFAYETTE SQUARE • BUFFALO, NEW YORK  14203
(716) 855-2800 • FAX (716) 855-2816

<u>Third Cause of Action – Breach of Implied Covenant of Good Faith and Fair Dealing</u>

24.     In opposing the dismissal of this cause of action, plaintiff once again argues that discovery is needed to determine whether the complaint's third cause of action is duplicative of its second cause of action.

25.     Plaintiff again misses the point.  Erie's Rule 12(b)(6) motion asserts that by adding no new or different facts than those supporting its second (breach of contract) cause of action, the complaint's third cause of action is "intrinsically tied" to its second cause of action and, therefore, must be dismissed.

26.     Plaintiff concedes that where, as in this case, the factual allegations upon which an implied covenant of good faith and fair dealing cause of action is based are identical to the factual allegations upon which the breach of contract cause action is based, New York case law supports the dismissal of the former as duplicative of the latter.

27.     The complaint's third cause of action is based on the same facts and seeks the same relief as its second cause of action.  It adds nothing to this action that the complaint's breach of contract (second) cause of action already does not already allege and seek.   In spite of having been given an opportunity to amend its complaint to allege such additional facts or different relief, plaintiff has not done so.

28.     For these reasons, the third cause of action of plaintiff's complaint must be dismissed.

<u>Fourth Cause of Action – Bad Faith</u>

29.     In opposing Erie's motion to dismiss its complaint's fourth ("Bad Faith") cause of action, plaintiff argues that New York case law permits a commercial policyholder, like plaintiff,

MURA LAW GROUP, PLLC • 930 RAND BUILDING • 14 LAFAYETTE SQUARE • BUFFALO, NEW YORK  14203
(716) 855-2800 • FAX (716) 855-2816

to allege and recover "consequential damages" in excess of policy limits in limited circumstances.

30.    Plaintiff's opposition to Erie's motion on this cause of action, however, fails for several reasons.

31.    Firstly, plaintiff's fourth cause of action does not allege or seek consequential damages; it alleges and seeks punitive damages.  ECF No. 2-2 at 5-6.

32.    Secondly, the law in New York is clear and uniform that punitive damages are not available for breach of an insurance contract unless the plaintiff shows both "egregious tortious conduct" directed at the insured claimant and "a pattern of similar conduct directed at the public generally." *Rocanova v. Equitable Life Assur. Socy. of U.S.*, 83 N.Y.2d 603 (1994); *New York Univ. v Continental Ins. Co.*, 87 N.Y.2d 308 (1995).  Plaintiff's fourth cause of action alleges neither.

33.    For these reasons, the fourth cause of action of plaintiff's complaint fails to state a claim upon which punitive damages may be recovered under New York law and, therefore, must be dismissed.

DATED:    Buffalo, New York
          February 16, 2026

_____
Roy A. Mura, Esq.
MURA LAW GROUP, PLLC

-6-